FILED '10 JAN 07 12:04 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DEBORAH ELLEN FRISCH,  09-6126-TC

   Plaintiff,

   v.  FINDINGS and RECOMMENDATION

CITY OF EUGENE, LANE COUNTY, CITY
OF SPRINGFIELD, JUDSON WARDEN,
DANIEL LONG, ROBERT WEAVER,

   Defendants.

COFFIN, Magistrate Judge:

Plaintiff, Deborah Frisch, a pro se litigant, alleges that defendants deprived her of her civil rights. Currently before the court is defendants City of Springfield and Robert Weaver's motion for summary judgment on all the claims asserted against them. (Doc. 45.) Plaintiff opposes the motion. After careful consideration of the filings, I recommend that this court GRANT the motion.

## Background

The parties do not dispute the following material facts. A physical altercation occurred between plaintiff and Laura McNamara, which culminated in plaintiff spraying Ms. McNamara with

Page 1 - FINDINGS and RECOMMENDATION

pepper spray. (Doc. 46, p *4.) The Eugene police responded to the altercation. (Doc. 59, p. *12.) The responding officer advised plaintiff that he would take a report but did not plan to arrest her that night. (Id. at *13.) A few days after the altercation, Ms. McNamara inquired at the Lane County District Attorney's Office about obtaining a protective stalking order against plaintiff. (Doc. 46, pp. *2, *4.)

City of Springfield Police Detective Robert Weaver was assigned to work for the Lane County District Attorney's Office as a Domestic Violence Investigator under an intergovernmental agreement between Lane County, Oregon and the City of Springfield, Oregon. (Id., p. *2.) As the Domestic Violence Investigator, Detective Weaver conducted investigations as directed by the District Attorney or an Assistant District Attorney. (Id.) An Assistant District Attorney directed Detective Weaver to interview Ms. McNamara to "find out what her story is." (Id.) As instructed, Detective Weaver interviewed Ms. McNamara and summarized the information he gathered into a report. (Id.) No one in the District Attorney's Office asked Detective Weaver to conduct an investigation into Ms. McNamara's allegations other than to interview her. (Id., p. *3.) Detective Weaver did not act on behalf of or on the request of anyone at the City of Springfield when he interviewed Ms. McNamara. (Id.)

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Page 2 - FINDINGS and RECOMMENDATION

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## Discussion

Defendant Weaver contends that he is entitled to summary judgment because the undisputed facts establish that he did not violate plaintiff's due process rights, and, even if he had, he is entitled to summary judgment based on qualified immunity. Defendant City asserts it is entitled to summary judgment on the grounds that Detective Weaver did not violate plaintiff's constitutional rights, and even if he did, the violation was not pursuant to any City policy, practice, or custom.

In her opposition papers, plaintiff has moved to continue this summary judgment motion

Page 3 - FINDINGS and RECOMMENDATION

under Fed. R. Civ. P. 56(f). She contends that this motion is premature because it was filed two months before the close of discovery. (Doc. 58, p. * 2.)

Under Fed. R. Civ. P. 56(f), a court may deny or postpone a motion for summary judgment to permit further discovery when an opposing party shows by affidavit that it cannot present facts essential to justify the party's opposition. The opposing party must show that the additional discovery may actually make a difference in the outcome of the motion. Fed. R. Civ. P. 56(f); McCormick v. Fund American Cos., Inc., 26 F.3d 869, 885 (9th Cir. 1994). As the party opposing summary judgment, plaintiff's burden to prevail on her Rule 56(f) motion is high. Fed. R. Civ. P. 56(f). She must "identify by affidavit the specific facts that further discovery would reveal and explain why those facts preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

In her opposition, plaintiff specifies that she wishes to depose City of Springfield Police Chief Jerry Smith "regarding his relationship with [Ms. McNamara]." She claims that Chief Smith's relationship with Ms. McNamara is relevant to the instant motion because plaintiff "alleges whistleblower harassment by [Lane County District Attorney] Alex Gardner and his cronies," which include Chief Smith." She also asserts that further discovery will uncover material evidence regarding "comparable instances of intentionally biased investigations" by the City of Springfield in support of her municipal liability claim against defendant City. First, plaintiff has not identified specific facts by affidavit. Instead she has included them in her opposition filing. Next, beyond general conclusory statements, plaintiff has not established that discovery regarding any relationship between Chief Smith and Ms. McNamara will shed any light on the municipal policies or customs of defendant City. Finally, even if plaintiff had identified specific facts, the record indicates that the

Page 4 - FINDINGS and RECOMMENDATION

City of Springfield had no part in directing defendant Weaver's investigation; at the time he interviewed Ms. McNamara he was on loan to another municipality–Lane County. I find that plaintiff has not identified any facts, either by affidavit or in her opposition filing, which would be revealed by additional discovery and which are essential to opposing the instant motion. The court should deny her Rule 56(f) request.

In her Third Amended Complaint, plaintiff alleges that defendant Weaver failed to obtain and present crucial material and evidence related to his November 26, 2008 "Domestic Violence Investigative Report." (Doc. 8, p.*5, ¶¶ 14-15.) Plaintiff points to defendant Weaver's failure to interview her, failure to include information in his report regarding plaintiff's interactions with Eugene police officers, and failure to include photographs of plaintiff in his report as violating her Fourteenth Amendment right to due process. She further states that defendant Weaver's failure to confiscate and chemically test the substance that was the basis for the criminal charges against plaintiff violated her Fourteenth Amendment right to due process. (Id.) Plaintiff makes no allegation that defendant Weaver's failure to investigate and process evidence was bad faith or malice.

There is no statutory or common law right, much less a constitutional right, to an investigation. Cf., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)(noting that a "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another" ); see also, Gomez v. Whitney, 757 F.2d 1005 (9th Cir. 1985)(finding no due process right to a full and fair police investigation unless another, independent constitutional right is involved). An alleged failure to collect or preserve evidence does not violate constitutional due process absent evidence that such failure was motivated by bad faith. Miller v. Vasquez, 868 F.2d 1116, 1120 (9th Cir. 1989).

Page 5 - FINDINGS and RECOMMENDATION

As noted above, plaintiff has not alleged bad faith on the part of defendant Weaver. Moreover, she does not allege that defendant Weaver destroyed or lost any exculpatory evidence. Instead, the crux of plaintiff's complaint against defendant Weaver is that he did not conduct an investigation in the manner she would have directed. Plaintiff asserts that there is a genuine disagreement concerning whether defendant Weaver had "probable cause to override the judgement of the [officer on the scene] and initiate criminal charges against plaintiff." (Doc. 58, p. *8.) However, the undisputed facts show that defendant Weaver was asked to interview Ms. McNamara to "find out what her story is." The undisputed record establishes that he had no other authority in this investigation and there is nothing to indicate that defendant Weaver had any input into deciding whether to criminally charge plaintiff. Accordingly, I find that plaintiff has not established that defendant Weaver violated her fourteenth Amendment rights.

Even assuming <u>arguendo</u> that plaintiff had established a constitutional violation by defendant Weaver, he is entitled to qualified immunity.

An inquiry into whether a defendant is entitled to qualified immunity is a two step process. <u>Pearson v. Callahan</u>, __U.S.__, 129 S. Ct. 808, 818 (2009)(holding that the test for qualified immunity set forth in <u>Saucier v. Katz</u>, 533 U.S. 194 (2001) is no longer a rigid two step analysis, but is still pertinent for immunity analysis). First, I must determine whether there was a constitutional violation. <u>Saucier</u>, 533 U.S. at 201. Next, if there was a constitutional violation, I must determine whether the law was clearly established such that a reasonable officer would have known that his conduct was unlawful. <u>Id.</u> at 201-02. That means, if I assume for the sake of argument that plaintiff's constitutional right was violated, I must determine whether the case law as it existed in November 2008 clearly established that an investigator for the district attorney's office violates a

Page 6 - FINDINGS and RECOMMENDATION

suspect's due process rights if he fails to undertake a more extensive investigation than he is assigned to conduct by an assistant district attorney. I find that the case law does not clearly establish that an investigator would violate the constitution by failing to undertake a more extensive investigation. To the contrary, all the case law indicates that there is no constitutional right to an investigation. Accordingly, I find that defendant Weaver is entitled to qualified immunity.

Plaintiff also alleges that defendant City is liable for defendant Weaver's alleged violations of plaintiff's right to due process. Specifically, she claims that defendant Weaver's failure to collect evidence was due, in part, to "the Springfield Police Department's tolerance of officers who fail to collect crucial evidence related to criminal investigations." (Doc. 8, p. *15, ¶¶ 49-50.) Local governments are only liable under § 1983 for constitutional torts that amount to a custom or policy. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Proof of random acts or isolated events does not satisfy the plaintiff's burden to establish a custom or policy. Thompson v. City of Los Angeles, 885 F.2d 1439, 1443-44 (9th Cir.1989). A single act of misconduct by a police officer is insufficient to establish an official policy or custom on the part of a municipality. Merritt v. County of Los Angeles, 875 F.2d 765, 770 (9th Cir.1989).

First, there is no municipal liability in this case because plaintiff cannot establish a violation of her constitutional rights. Even assuming she could establish such, there is no direct path to municipal liability because there is no evidence of a policy, practice, or custom by defendant City or a decision by a municipal policy maker concerning how an officer on loan to the Lane County District Attorney's office should handle investigations assigned to him by that office. Monell, 436 U.S. at 690-91. Although municipal liability can be based on a single decision by municipal policy makers under appropriate circumstances, the undisputed facts in the record establish that defendant

Page 7 - FINDINGS and RECOMMENDATION

Weaver acted under the direction of the Lane County District Attorney's office with regards to his investigation, not defendant City. Pembaur v. City of Cincinnati, 475 U.S. 469, 479-81 (1986). Hence, liability, if any, would flow to Lane County, not defendant City. Finally, what plaintiff has alleged in her complaint is a single act of misconduct by an officer, and an officer's single act of misconduct cannot establish an official policy or custom on the part of a municipality. Merritt v. County of Los Angeles, 875 F.2d at 770. Although plaintiff does allege in her complaint that another City of Springfield officer failed to properly conduct an investigation, that allegation describes a completely different situation, which in itself is an isolated incident.[1] I find that plaintiff has not established a triable issue of fact regarding defendant City's municipal liability.

## Conclusion

For the reasons outlined above, the court should deny plaintiff's Rule 56(f) request and should grant defendants City of Springfield and Weaver's motion for summary judgment in its entirety.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no

///

///

///

///

---

[1] Plaintiff's complaint describes an officer's failure to detain or determine the sobriety of a driver who had earlier been involved in a hit and run accident. (Doc. 8, p. *15, ¶ 50.)

Page 8 - FINDINGS and RECOMMENDATION

objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 7<sup>T</sup> day of January 2010.

THOMAS M. COFFIN
United States Magistrate Judge

Page 9 - FINDINGS and RECOMMENDATION